**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

DWAYNE BLAKELY,

     *Plaintiff*,

*v.*

COMMISSIONER OF SOCIAL SECURITY,

     *Defendant*.

_____/

CASE NO. 1:15-cv-10625

DISTRICT JUDGE LAURIE J. MICHELSON
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON CROSS**
**MOTIONS FOR SUMMARY JUDGEMENT**
(Docs. 9, 10)

**I.**     **RECOMMENDATION**

In light of the entire record in this case, I suggest that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled. Accordingly, **IT IS RECOMMENDED** that Blakely's Motion for Summary Judgment (Doc. 9) be **DENIED** and that the Commissioner's Motion for Summary Judgment (Doc. 10) be **GRANTED**.

**II.**     **REPORT**

     **A.**     **Introduction and Procedural History**

Pursuant to 28 U.S.C. § 636(b)(1)(B), E.D. Mich. LR 72.1(b)(3), and by Notice of Reference, this case was referred to this magistrate judge for the purpose of reviewing a final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act 42 U.S.C. § 401-34 and Supplemental Security Income ("SSI"). The matter is currently before the Court on cross-motions for summary judgment. (Docs. 9, 10.)

On January 5, 2012, Plaintiff Dwayne Blakely filed the present claim for DIB, alleging that he became disabled on December 12, 2011. (Tr. 71, 82.) Plaintiff's initial claim was denied on April 20, 2012 (Tr. 85), and Plaintiff requested a hearing. (Doc. 95.) He testified before Administrative Law Judge ("ALJ") Ramona Fernandez on October 24, 2013, who considered the application for benefits *de novo*. (Tr. 29-59.) On November 21, 2013, the ALJ denied his claim. (Tr. 13-23.) The ALJ's decision became the Commissioner's final decision on January 22, 2015, when the Appeals council denied Plaintiff's request for review. (Tr. 1-3.); *see Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004). On February 19, 2015, Plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision. (Pl compl., Doc. 1.)

### B. Standard of Review

The district court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). The district court's review is restricted solely to determining whether the "Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 506 (6th Cir. 2014) (internal citations omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotations omitted).

The Court must examine the administrative record as a whole, and may consider any evidence in the record, regardless of whether it has been cited by the ALJ. *See Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989). The Court will not "try the

case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip*

*v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If the Commissioner's

decision is supported by substantial evidence, "it must be affirmed even if the reviewing court

would decide the matter differently, and even if substantial evidence also supports the opposite

conclusion." *Id*. (internal citations omitted).

### C.    Framework for Disability Determinations

Under the Act, "DIB and SSI are available only for those who have a 'disability.'"

*Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means the inability

> to engage in any substantial gainful activity by reason of any
> medically determinable physical or mental impairment which can be
> expected to result in death or which has lasted or can be expected to
> last for a continuous period of not less than [twelve] months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI). The

Commissioner's regulations provide that disability is to be determined through the application

of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful
> activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or
> combination of impairments that "significantly limits . . . physical
> or mental ability to do basic work activities," benefits are denied
> without further analysis.
>
> Step Three:  If the claimant is not performing substantial gainful
> activity, has a severe impairment that is expected to last for at least
> twelve months, and the severe impairment meets or equals one of
> the impairments listed in the regulations, the claimant is
> conclusively presumed to be disabled regardless of age, education
> or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five:  Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). "Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *see also Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007). The burden transfers to the Commissioner if the analysis reaches the fifth step without a finding that the claimant is not disabled. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers*, 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

### D.    ALJ Findings

Following the five step analysis, the ALJ found Plaintiff was not disabled under the Act. At Step One, the ALJ found that Plaintiff met the insured status requirements through December 31, 2016, and had not engaged in substantial gainful activity since the alleged onset date, December 12, 2011. (Tr. 15.) At Step Two, the ALJ found Plaintiff had the following severe impairments: "osteoarthritis with back and right shoulder pain and obesity." (Tr. 16.) At Step Three, the ALJ found that Plaintiff's combination of impairments did not meet or equal

one of the listings in the regulations. (Tr. 18.) The ALJ then found that Blakely had the residual

functional capacity ("RFC") to perform light work except he "can occasionally stoop, crouch

and balance. He cannot kneel, crawl, climb or use ladders, ropes or scaffolds. . . . [H]e requires

the opportunity to sit after standing for 10 minutes. [He] can frequently reach over should[er]

height with his right upper extremity. [And] he should avoid moving machinery, work at

unprotected heights and concentrated exposure to extreme temperatures." (Tr. 18.) At Step

Four, the ALJ found that Plaintiff is capable of performing his past relevant work as a drafter.

(Tr. 22.) As a result, the ALJ found Plaintiff is not disabled under the Act. (*Id.*)

### E.      Administrative Record

Plaintiff's medical records are dated from February 9, 2012 through March 13, 2013.

Plaintiff primarily received treatment for physical impairments. (Tr. 362-420.) The only issue

on appeal is Plaintiff's major depressive and generalized anxiety disorders. (Doc. 9.) Thus, the

following summary of the record is limited to the relevant evidence.

In May and October of 2011 Plaintiff's records from Garden City Medical Center

indicate that he was diagnosed with anxiety disorder. (Tr. 287-88.) He was also diagnosed with

depression as early as December 2010. (Tr. 307.)

On April 2, 2012 Plaintiff was diagnosed with chronic depression. (Tr. 331.) State

consultative examining psychiatrist, Basivi Baddigam, M.D. assessed Plaintiff with Dysthymic

Disorder and a history of alcohol dependence. (Tr. 339.) Dr. Baddigam assessed a GAF score

of 60, and noted that his prognosis was guarded. (*Id.*) Plaintiff reported a history of panic

attacks, but that he has not had one in the past year. (Tr. 337.) He also stated that he has been

depressed for four years. (Tr. 338.) Dr. Baddigam found that Plaintiff "does not have any

memory problems[, and] [h]e is able to understand, remember and follow through with directions when they are given to him. (*Id.*) Dr. Baddigam also found that Plaintiff's "thinking process is well organized and easy to follow." (Tr. 338.)

On April 16, 2012, Daniel Blake, Ph.d., a non-examining state agency psychologist, assessed Plaintiff's affective disorder as a severe impairment. (Tr. 75.) Dr. Blake noted that Plaintiff's psychomotor was normal, he had limited insight, and his thinking process was well organized. (*Id.*) Plaintiff reported that he was prescribed trazodone for depression, and had not received treatment for depression or anxiety for the past two years. (*Id.*) A GAF score of 60 was noted. (*Id.*) The state psychologist competed a mental RFC assessment and found Plaintiff moderately limited in the ability to understand and remember detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; and the ability to set realistic goals or make plans independently of others. (Tr. 78-79.) He explained that Plaintiff's "mental functions remained sufficient for sustained simple work activity." (Tr. at 79.)

Plaintiff received psychiatric treatment from the Development Centers, Inc. from May 29, 2013 through July 30, 2013. (Tr. 421-65.) On May 29, Plaintiff was diagnosed with major depressive disorder, recurrent, moderate; generalized anxiety disorder; and alcohol dependence. (Tr. 426, 459.) Plaintiff had a GAF score of 50. (Tr. 426.) The following

symptoms were noted: "a depressed and anxious mood, sleep disturbance, nightmares, hopelessness, and helplessness." (Tr. 426.) His mental status was described on a checklist as: oriented x4; fair grooming; no hallucinations; depressed mood; fair hygiene; organized and coherent thought content; no ideations; cooperative behavior; anxious and constricted affect; goal directed speech; and fair concentration. (Tr. 425, 445.) He was prescribed Celexa, Seroquel, and Trazodone. (Tr. 446.) On April 16, 2013, during a comprehensive assessment, Plaintiff reported that he had previously been hospitalized for alcoholism and depression. (Tr. 428, 430.) His diagnosis was not changed and a GAF score of 53 was noted. (Tr. 436.)

On June 26, 2013, a medication review was completed. Plaintiff reported skipping dosages. (Tr. 438.) A box was checked off indicating that the medication was addressing Plaintiff's current symptoms. (Tr. 438.) The mental status checklist was completed again with similar results, except that Plaintiff was described as "mildly depressed." (Tr. 440.) Blakey's diagnosis was not changed, except that he was assessed with a GAF of 50. Treatments notes on June 26 and July 2, 2013 indicate that Plaintiff was making an effort to cope with his depression. (Tr. 452-53, 448.) Throughout his treatment at the Development Centers it was consistently noted that Plaintiff presented with a "normal" mood. (Tr. 450, 448, 456, 458, 462, 464.)

During the hearing before the ALJ, Plaintiff testified that he cannot concentrate or think straight and he has some suicidal ideation. (Tr. 46.) He testified that has not received treatment for depression since July because he was incarcerated, but he has been regularly taking his medication (Tr. 44, 55.) He stated that he has set an appointment for treatment and he is "under

a severe depression as of right now." (Tr. 47.) He also testified that sometimes his medication does not help. (Tr. 47.)

### F.      Governing Law

Plaintiff contends that the ALJ's decision is not supported by substantial evidence. (Doc. 9.) As noted earlier, if the Commissioner's decision is supported by substantial evidence the decision must be affirmed even if this Court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *Cutlip*, 25 F.3d at 286. In other words, where substantial evidence supports the ALJ's decision it must be upheld.

Specifically, Plaintiff contends that the ALJ's finding that Plaintiff's anxiety disorder and depression were not severe is not supported by substantial evidence. (Doc. 9, at 7-9.) At Step Two of the five-step sequential evaluation process, if the claimant "does not have any impairment . . . which significantly limits [his or her] physical or mental ability to do basic work activities" the Commissioner will find that the claimant "does not have a severe impairment and [is] therefore, not disabled." 20 C.F.R. § 404.1520. The commissioner does not consider vocational factors, that is, age, education and work experience, at this step. 20 C.F.R. § 404.1520. Basic work activities include (1) physical functions such as walking and lifting; (2) visual, auditory, and verbal capacities; (3) mental functioning; (4) judgment; (5) ability to respond appropriately to communications; and (6) ability to deal with changes in the work setting. 20 C.F.R. § 404.1521(b).

In the Sixth Circuit, "the claimant's burden of proof at step two has been construed as a *de minimus* hurdle in the disability determination process. . . . [A]n impairment can be considered *not* severe only if it is a slight abnormality that minimally affects work ability

regardless of age, education, and experience." *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 774 (6th Cir. 2008) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *see also Bowen v. Yuckert*, 482 U.S. 137, 158-59 (1987). The second step, then, is a vehicle to "screen out totally groundless claims." *Farris v. Sec'y of Health and Human Servs.*, 773 F.2d 85, 89 (6th Cir. 1985).

### G.    Analysis

At Step Two, the ALJ found that Plaintiff has the following severe impairments: "osteoarthritis with back and right shoulder pain and obesity." (Tr. 16.) Plaintiff contends that the ALJ improperly omitted Plaintiff's depression and anxiety disorders. (Doc. 9 at 7-9.) However, Plaintiff fails to recognize that once Step Two is "cleared" by a finding that some severe impairment exists, then the ALJ must consider a plaintiff's "severe and nonsevere impairments in the remaining steps of the sequential analysis." *Anthony v. Astrue*, 266 Fed. Appx. 457, 457 (6th Cir. 2008); *Pompa v. Comm'r of Soc. Sec.*, 73 Fed. Appx. 801, 803 (6th Cir. 2003). "The fact that some of [the plaintiff's] impairments were not deemed to be severe at step two is therefore legally irrelevant." *Astrue*, 266 Fed. Appx. at 457.

Here, the ALJ specifically considered Plaintiff's mental health impairments in Step Two of the analysis and found that they were not severe. (Doc. 16.) However, he did find that Plaintiff had a severe impairment. (Doc. 16-18.) In making the RFC assessment, the ALJ specifically discussed plaintiff's depression and anxiety disorders. (Tr. 21.) Consequently, any alleged omission from the list of severe impairments does not undermine the ALJ's decision.

### G.    Conclusion

For the reasons stated above, the Court **RECOMMENDS** that Blakely's Motion for Summary Judgment (Doc. 9) be **DENIED**, the Commissioner's Motion (Doc. 10) be **GRANTED**, and that this case be **AFFIRMED**.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987.) Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P.

72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: December 22, 2015        S/ PATRICIA T. MORRIS
                                          Patricia T. Morris
                                          United States Magistrate Judge

## CERTIFICATION

I hereby certify that this filing was electronically served on counsel of record.

Date: December 22, 2015        By s/Kristen Krawczyk
                                          Case Manager to Magistrate Judge Morris